UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KIMBERLY DAWN WORTHY, | : | CASE NO. 1:20-cv-00446 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 1, 18] |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Kimberly Dawn Worthy seeks judicial review of the Social Security Commissioner's final decision denying her disability insurance benefits application.[1] Magistrate Judge Thomas M. Parker issued a Report and Recommendation, recommending the Court affirm the Commissioner's decision.[2] Plaintiff Worthy objects.[3] The Commissioner responds.[4]

For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **AFFIRMS** the Social Security Commissioner's final decision.

---

[1] Doc. 1.
[2] Doc. 17. *See* Local Rule 72.2(b).
[3] Doc. 18.
[4] Doc. 19.

Case No. 1;20-cv-00446
GWIN, J.

I. Background

On March 28, 2017, Plaintiff Kimberly Worthy applied for disability insurance benefits due to depression, anxiety, and post-traumatic stress disorder.[5] The Social Security Administration denied Worthy's application initially and on reconsideration.[6]

Worthy requested a hearing before a social security administrative law judge. On October 16, 2018, an administrative law judge held a hearing on Worthy's case.[7] On February 5, 2019, the administrative law judge found Worthy was not disabled and denied Worthy's claim.[8] The Appeals Council denied to further review Worthy's case.[9] The administrative law judge's decision is the Social Security Commissioner's final decision.

On February 27, 2020, Worthy filed this case seeking judicial review of the Commissioner's final decision.[10] In her merits brief, Plaintiff asserted that the administrative law judge (1) failed to properly evaluate the evidence, (2) erroneously determined the credibility of Worthy's testimony, and (3) did not met her burden to show that Worthy could perform work available in the national economy.[11]

On January 27, 2021, Magistrate Judge Parker issued a Report and Recommendation, recommending the Court affirm the Commissioner's final decision denying Worthy's application.[12] Magistrate Judge Parker found that the administrative law judge applied the proper legal standards and reached a decision that substantial evidence supported.[13]

---

[5] Doc. 18 at 1.
[6] *Id.* at 1–2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Doc. 1.
[11] Doc. 14.
[12] Doc. 17.
[13] *Id.*

Case No. 1;20-cv-00446
GWIN, J.

On February 10, 2021, Plaintiff Worthy objected to Magistrate Judge Parker's Report and Recommendation.[14] With her objections, Worthy disputes Magistrate Judge Parker's finding that the administrative law judge did not err in determining Worthy's residual functional capacity.[15]

## II. Standard of Review

The Court reviews *de novo* the objected-to portions of a magistrate judge's Report and Recommendation.[16]

Reviewing courts "will uphold the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal criteria."[17] "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion."[18] Under the substantial-evidence standard, "there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."[19]

Still, the court will not uphold the Commissioner's decision where the Social Security Administration "fail[ed] to follow its own regulation and where the error prejudices a claimant on the merits or deprives the claimant of a substantial right."[20]

---

[14] Doc. 18.
[15] *Id.*
[16] 28 U.S.C. § 636(b)(1).
[17] *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir. 2007).
[18] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotation marks omitted).
[19] *Id.* (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)) (internal quotation marks omitted).
[20] *Bowen*, 478 F.3d at 746.

Case No. 1;20-cv-00446
GWIN, J.

### III. Discussion

Worthy argues the administrative law judge essentially committed three errors in evaluating Worthy's residual functional capacity: (1) the administrative law judge failed to properly articulate why she found the State Agency psychologists' opinions more persuasive than Worthy's treating physicians' opinions, (2) substantial evidence does not support the administrative law judge's residual functional capacity determination, and (3) the administrative law judge improperly considered Worthy's recent employment history.[21]

First, the administrative law judge stated and applied the proper legal standard for evaluating medical opinions, explaining whether she found each doctor's medical opinions persuasive based on their supportability and consistency.[22] Though the administrative law judge could have been clearer, she adequately explained that the state agency psychologists' opinions were more persuasive than the treating physicians' opinions, because the state agency psychologists' possess program knowledge and their opinions were more consistent with the evidence.[23]

Further, it is not incoherent for the administrative law judge to find some physician opinions persuasive but not others. As the administrative law judge explained, some of Dr. Rodio and the state agency psychologists' opinions were more supported by and consistent with the record than others.[24]

Second, substantial evidence supported the administrative law judge's residual functional capacity determination. Contrary to Worthy's assertion in her objection,[25] the

---

[21] Doc. 18.
[22] Doc. 12 at 27–31.
[23] *Id.* at 28, 30.
[24] *Id.* at 28–31.
[25] Doc. 18 at 1.

- 4 -

Case No. 1;20-cv-00446
GWIN, J.

state agency psychologists were able to review most of Worthy's treating physician's opinions.[26] Moreover, the administrative law judge considered 2018 mental status notes when evaluating the 2017 medical opinions.[27]

Finally, the administrative law judge properly considered Worthy's recent employment history. Contrary to Worthy's assertion in her objection,[28] the administrative law judge acknowledged Worthy was on leave from her position and found that Worthy had not engaged in substantial gainful activity since late 2016.[29] Still, Worthy worked as an assistant manager at Walmart from May to September 2018, when Worthy took leave.[30] Therefore, the administrative law judge could consider Worthy's 2018 Walmart employment when evaluating 2017 medical opinions suggesting that Worthy was more limited.[31]

IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff Worthy's objections, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Social Security Commissioner's final decision.

IT IS SO ORDERED.

Dated: June 11, 2021      s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[26] The state agency psychologists reviewed Worthy's case in June and September 2017. Most of Worthy's treating physicians submitted their statements in March and May 2017. One opinion is undated. Dr. Rodio submitted a second statement after the state agency psychologist reviewed Worthy's case. However, the administrative law judge found the opinions internally inconsistent and unsupported by the record. Doc. 12 at 27–31.
[27] *Id.* at 27, 31.
[28] Doc. 18 at 4.
[29] Doc. 12 at 21–22.
[30] *Id.* at 22.
[31] *See id.* at 28.